# United States District Court / Northern District of Ohio
## REQUEST AND WRIT OF GARNISHMENT (NON-PERIODIC)

1716 Spielbusch Avenue, Toledo, Ohio 43604-5383

CASE NUMBER: 3:08MC0054

| | |
|---|---|
| Plaintiff name and address | Defendant name and address |
| Trustees of the Michigan Laborers' Pension Fund, Michigan Laborers' Health Care Fund, Michigan Laborers' Vacation Fund, Michigan Laborers' Training Fund, Michigan Laborers' Annuity Fund, and the Michigan Laborers' and Employers Cooperation Trust Fund 6525 Centurion Drive, Lansing, Michigan 48917 | Bales, Inc. 305 W. Maple Avenue Adrian, Michigan 49221 |

v

| | |
|---|---|
| | Social security no.       Employee ID or account no. |
| Plaintiff's attorney, bar no., and address | Garnishee name and address |
| Scott Graham (P41067) Howard & Howard Attorneys, P.C. 151 South Rose Street, Suite 800 Kalamazoo, Michigan 49007 | First Federal Bank of the Midwest 25600 Elliott Road Defiance, Ohio 43512 |
| Telephone number (269) 382-1483 | |

**REQUEST**

1. Plaintiffs have obtained a judgment against defendant in this cause for $139,492.05, on March 27, 2006, a copy of which is attached.
2. The amount of the unsatisfied judgments in this cause which is now due (including interest and costs) is $170,329.80
3. Plaintiff knows or with good reason believes that the garnishee is indebted to or possesses or controls property belonging to the defendant.
4. **Plaintiff requests** a writ of non-periodic garnishment.

I declare that the statements above are true to the best of my information, knowledge, and belief.

July 23, 2008

Date

Scott Graham, Attorney for Plaintiffs

**WRIT OF GARNISHMENT To be completed by the court. See other side for additional Information and Instructions.**

**TO THE PLAINTIFF:** You must provide a disclosure form, 2 copies of this writ for serving on the garnishee, and any applicable disclosure fee. You are responsible for having these documents served on the garnishee. If the disclosure states that the garnishee holds property **other than money** belonging to the defendant, you must motion the court within 56 days after the disclosure is filed for an order to apply the property toward the judgment.

**TO THE DEFENDANT:**

1. Do not dispose of any negotiable instrument representing a debt of the garnishee or any negotiable instrument of title representing property in which you claim an interest held in the possession or control of the garnishee.
2. You have **14 days** after this writ is mailed or delivered to you to file objections with the court. If you do not take this action within this time, without further notice, the property or debt held under this writ may be applied to the judgment **28 days** after this writ was mailed or delivered to the garnishee.

**TO THE GARNISHEE:**

1. Within **7 days** after you are served with this writ, you must deliver a copy of this writ to the defendant in person or mail a copy to his or her last known address by first class mail.
2. Deliver no tangible or intangible property and pay no obligation to the defendant unless allowed by statute or court rule.
3. Within **14 days** after you are served with this writ, you must deliver or mail copies of your verified disclosure **(attached)** to the court, plaintiff/attorney, and defendant. A default may be entered against you for failure to comply with this order.
4. If indebted to the defendant, you must withhold an amount not to exceed the amount of the judgment stated in item 2. of the request. Payment of withheld funds must be made **28 days** after you are served with this writ unless notified that an objection has

| You are ordered to make all payments withheld under this writ payable to: | | |
|---|---|---|
| | ___ the plaintiff | X The plaintiff's attorney | ___ the court. |
| and mail them to: | ___ the plaintiff | X The plaintiff's attorney | ___ the court. |

5. If you hold property other than money belonging to the defendant, do not transfer it until further order of the court.

| Date of issue | Expiration Date | Deputy court clerk |
|---|---|---|

**REQUEST AND WRIT FOR GARNISHMENT (NON-PERIODIC)**

MCL 600.4011 et seq.; MSA 27A.4011 et seq., MCR 3.101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN LABORERS PENSION FUND et al

Plaintiffs,

Case number 03-74906

v.                                                            Honorable Julian Abele Cook, Jr.

BALES, INC. AND HOWARD M. BALES,

Defendants.

_____

ORDER

On August 5, 2005, the Plaintiffs, Trustees of the Michigan Laborer's Pension Fund et al.,[1]

filed a motion, in which they sought to obtain authority to enter a judgment that would reflect the

indebtedness of the Defendant Bales, Inc. in this cause for unpaid contributions, audit assessments,

and other amounts due and owing pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

During a hearing on November 22, 2005, the parties mutually agreed that Bales, Inc. was

contractually liable to the Plaintiffs on the basis of two audits that were conducted in 2003 and

2005, respectively. Thereafter, the Court ordered the Plaintiffs to submit a proposed itemization

of the contested amount of liability to the Court and Bales, Inc. On February 6, 2006, following

an initial review of the Plaintiffs' submission to this directive, the Court directed Bales, Inc. to file

a response within a period of twenty days thereafter. However, an examination of the official

record in this cause reveals that Bales, Inc. has failed, refused or neglected to respond to the

---

[1]The Plaintiffs in this case are (1) the Trustees of the Michigan Laborer's Pension Fund,
(2) the Michigan Laborers' Health Care Fund, (3) the Michigan Laborers' Vacation Fund, (4) the
Michigan Laborers' Training Fund, (5) the Michigan Laborers' Annuity Fund, and (6) the
Michigan Laborers' and Employers Cooperation Trust Fund ("Funds").

February 6th directive of the Court within the requisite twenty-day period.

As such and upon a review of the official record, the Court grants the Plaintiffs' request to enter a judgment against Bales, Inc.  Accordingly, Bales, Inc. is directed to pay a total amount of $139,492.05 forthwith to the Plaintiffs for its unpaid contributions, the interest on the unpaid contributions, 20% liquidated damages,  costs and attorney fees, and late payment assessments. *See* 29 U.S.C. § 1132(g)(2).

IT IS SO ORDERED.


DATED:    March 27, 2006                          s/ Julian Abele Cook, Jr.
          Detroit, Michigan                       JULIAN ABELE COOK, JR.
                                                  United States District Judge



Certificate of Service

I hereby certify that on March 27, 2006,  I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                  s/ Kay Alford
                                  Courtroom Deputy Clerk


2